IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Deonta M. Newton | ) | |
| | ) | Case No. 15 CV 05036 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Josh Brandenburg, | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant Josh Brandenburg's motion for summary judgment [48] is granted as to the claim of excessive force. Plaintiff's purported second claim of failure to protect is dismissed pursuant to the court's authority under 28 U.S.C. § 1915(e)(2). If plaintiff believes he can proceed on the purported failure to protect claim, he may file an amended complaint within 30 days. If he does not, the case will be dismissed in its entirety.

## STATEMENT

On June 8, 2015, plaintiff Deonta M. Newton filed a complaint against defendant corrections officer Josh Brandenburg. The sparse allegations of the complaint focus on a fight that occurred between plaintiff and another inmate and the subsequent actions of Officer Brandenburg as to plaintiff. *See* [1]. On December 8, 2015, the district judge to whom the case was originally assigned, Judge Feinerman, screened the complaint and found that plaintiff arguably raised two colorable claims against defendant: (1) a failure to protect claim against Officer Brandenburg for failing to protect him from the other inmate; and (2) an excessive force claim against Officer Brandenburg for his actions following the fight that led to plaintiff's injuries. *See* [4]. Plaintiff's request for counsel was denied as his claims were not considered overly complex and he had shown an ability to articulately express his claims.

On November 23, 2016, Officer Brandenburg filed a motion for summary judgment [48], Rule 56.1 Statement of Undisputed Facts, [48-2], and memorandum in support [48-6]. The motion seeks summary judgment on plaintiff's excessive force claim.

As an initial matter, neither Officer Brandenburg nor plaintiff referred to a failure to protect claim in their briefs. This court has the authority at any time to revisit whether plaintiff has stated a claim under "section 1915(e), which directs courts to screen all complaints filed with requests to proceed IFP and provides that 'the court shall dismiss the case at any time' if, among other things, the action is frivolous or malicious or 'fails to state a claim on which relief may be

1

granted.' 28 U.S.C. § 1915(e)(2)." *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [plaintiff] must establish: (1) that he was 'incarcerated under conditions posing a substantial risk of serious harm' and (2) that the defendants acted with 'deliberate indifference' to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Plaintiff's complaint alleges only that he was attacked by another inmate "out of nowhere" and does not allege any facts that would suggest Officer Brandenburg was aware of a substantial risk of harm, let alone deliberately indifferent to that risk. Moreover, it does not appear to have been the intention of plaintiff to allege or pursue a failure to protect claim at any point in this litigation. As such, to the extent that the initial screening order recognized a possible failure to protect claim, the claim is now dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim. If plaintiff believes he can proceed under a failure to protect claim, he may file an amended complaint within 30 days. Otherwise, the case will be dismissed in its entirety.

Attached to his motion for summary judgment submissions, all of which were noticed to plaintiff, Officer Brandenburg also included the required Local Rule 56.2 notice to plaintiff, which is titled "Notice To Pro Se Litigant Opposing Motion For Summary Judgment." *See* [48-1]. This notice instructed plaintiff that he "must comply with Rule 56" and "Your Rule 56.1 statement needs to have numbered paragraphs responding to each paragraph in the defendants' statement of facts." *Id.* at 1. The notice also explained to plaintiff that "It is important that you comply fully with these rules and respond to each fact offered by the defendant, and explain how your documents or declarations support your position. If you do not do so, the judge will be forced to assume that you do not dispute the facts which you have not responded to." *Id.* at 2.

On January 6, 2017, plaintiff filed a response to the motion for summary judgment. *See* [51]. However, plaintiff did not file a Rule 56 response to Officer Brandenburg's statement of undisputed facts. The court will discuss the ramifications of this failure below in the factual background section. On January 25, 2017, Officer Brandenburg filed his reply [52]. This matter is now ripe for the court's review.

Before proceeding to the factual background, the court notes that plaintiff has asked for counsel on two occasions, once on September 9, 2016 [44], before summary judgment proceedings began, and once on December 12, 2016 [49], after defendant's motion for summary judgment but before plaintiff's response. Plaintiff did not state that he was unable to understand the procedures for responding to the motion for summary judgment or that he did not understand the instructions in the "Notice To Pro Se Litigant Opposing Motion For Summary Judgment." Both motions for appointment of counsel were denied because plaintiff had shown an ability to articulate his claim and the claim was not overly complex. *See* [45]; [50].

2

## A. FACTUAL BACKGROUND

As noted, while Officer Brandenburg submitted a Rule 56 statement of undisputed facts, plaintiff did not file a Rule 56 response in his response to the motion for summary judgment. The Seventh Circuit has held that "[a] district court does not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with Local Rule 56.1, the court chooses to ignore and not consider the additional facts that a litigant has proposed. Likewise, the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure." *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Courts in the Northern District of Illinois have explained, pursuant to Seventh Circuit precedent, that failure to file a proper response may result in the district court deeming the moving party's Rule 56 facts as admitted so long as they are supported by the evidence.

> Pursuant to Local Rule 56.1, facts included in a party's Local Rule 56.1 statement that are not properly denied by the opposing party are deemed to be admitted. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir.2009) (district court has discretion to require strict compliance with L.R. 56.1). Even pro se litigants are required to follow the Federal Rules of Civil Procedure and the Local Rules; therefore, Plaintiff is not excused from complying with L.R. 56.1(b)(3). *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir.2008) ("pro se litigants are not excused from compliance with procedural rules")[.]

*Saffold v. Village of Schaumburg*, 2010 WL 1752576, at *2 (N.D. Ill. 2010). In addition to the Rule 56.2 notice, plaintiff was specifically instructed at the court's October 21, 2016 status conference as to the summary judgment procedures, including that he would need to file a proper Rule 56 statement, and was told that the Rule 56.2 notice would further explain these requirements. *See* [47]. Plaintiff did not indicate at the time or in his motions for attorney representation that he failed to understand these instructions. As such, due to plaintiff's failure to properly deny Officer Brandenburg's statements of fact after repeated warnings, the court will deem Officer Brandenburg's statement of undisputed facts [48-2] as admitted. Notwithstanding these admissions, the court construes plaintiff's submissions, and the record evidence, in the light most favorable to him.

On June 14, 2013, plaintiff Deonta M. Newton was a detainee in the Winnebago County Jail, housed in POD 3f. [48-2] at ¶ 1. During the afternoon and evening hours on June 14, 2013, Winnebago County Sheriff's Department Corrections Officer Josh Brandenburg, defendant, was the corrections officer in charge of POD 3F. *Id.* at ¶ 2.

During the evening of June 14, 2013, inmate Stephan McLemore physically attacked plaintiff in the day room area of POD 3F. *Id.* at ¶ 3. Upon seeing the physical altercation between plaintiff and McLemore, Officer Brandenbug immediately ran towards the location

3

where the two inmates were fighting. *Id.* at ¶ 4. While Officer Brandenburg was running toward plaintiff and McLemore, he called for officer assistance over his radio. *Id.* at ¶ 5.

Within seventeen seconds after the fight had started, *id.* at ¶ 7, Officer Brandenburg arrived at the location where plaintiff and McLemore were fighting and ordered them to stop fighting; they did not immediately stop fighting. *Id.* at ¶ 6.

As Officer Brandenburg was about to step between plaintiff and McLemore and forcibly separate them, plaintiff stumbled away from McLemore. According to plaintiff, he stumbled away because Officer Brandenburg pushed him away from McLemore. *Id.* at ¶ 8. At that point, Officer Brandenburg grabbed hold of McLemore and started to forcibly place McLemore down onto the floor to restrain him until other corrections officers arrived to assist him. *Id.* at ¶ 9.

As soon as Officer Brandenburg placed McLemore onto the floor, plaintiff took three-to-four steps toward McLemore and Officer Brandenburg, and while doing so raised his arms up with his elbows bent. *Id.* at ¶ 10. At that moment, Officer Brandenburg perceived plaintiff to be acting in an aggressive manner and thought plaintiff was about to attack either McLemore or himself. *Id.* at ¶ 11. At that point, Officer Brandenburg let go of McLemore, stood up, and immediately grabbed hold of plaintiff's wrist/forearm and shoulder to stop plaintiff from attacking either himself or McLemore by (i) turning plaintiff away from them and (ii) then forcing plaintiff onto the floor with an arm bar takedown to help restrain plaintiff until other corrections officers arrived to assist him. *Id.* at ¶ 12.

Plaintiff's face hit the table/bench seat of a nearby table as Officer Brandenburg pushed plaintiff down onto the floor. *Id.* at ¶ 13. Plaintiff sustained an injury to his tooth, which was later removed, as a result of his face hitting the table/bench seat. This is the only injury plaintiff claims he sustained as a result of Officer Brandenburg's alleged excessive force. *Id.* at ¶ 14.

Officer Brandenburg's act of grabbing hold of plaintiff and forcing plaintiff onto the floor with an arm bar takedown maneuver was one fluid, continuous action which took less than four seconds. *Id.* at ¶ 15. At no time during the takedown maneuver did Officer Brandenburg place his hand on plaintiff's head and push or direct plaintiff's face onto the table/bench seat. *Id.* at ¶ 16. Other than the mere fact that plaintiff's face happened to hit the table/bench seat when Officer Brandenburg's pushed him toward the floor, plaintiff does not know of any facts which would support a finding that Officer Brandenburg intended for plaintiff's face to hit the table/bench seat when Officer Brandenburg pushed plaintiff to the floor. *Id.* at ¶ 17.

Responding corrections officers arrived at the scene to assist Officer Brandenburg eighteen seconds after he pushed plaintiff on to the floor. Up to that point in time, Officer Brandenburg was the only corrections officer at the scene of the altercations in question. *Id.* at ¶ 18.

4

B. ANALYSIS.

Defendant Officer Brandenburg moves for summary judgment on plaintiff's excessive force claim. The court notes initially that the Fourteenth Amendment "provides the appropriate constitutional standard against which to measure [plaintiff's] claim because he was a pretrial detainee at the time he alleges his constitutional rights were violated." *See Forrest v. Prine*, 620 F.3d 739, 743 (7th Cir. 2010). The Seventh Circuit has recently held that:

> To establish a triable issue, [the plaintiff] had to present evidence that the defendants applied force maliciously and sadistically to cause harm rather than in a good-faith attempt to maintain or restore discipline. Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper severity of the force, and the extent of injuries caused by the force.

*Caffey v. Maue*, 2017--- F. App'x.--- 2017 WL 659349, at *4 (7th Cir. 2017) (internal citations omitted). In *Caffey*, the Seventh Circuit noted that "[s]ome force is necessary in placing a prisoner in restraints, and [summary judgment was improper where the plaintiff] offered nothing suggesting that the force [the officer] used was unnecessary or that it was applied for the purpose of causing harm." *Id.*

In *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650 (7th Cir. 2012), correctional officers used pepper spray on a plaintiff who "had been fighting with his cellmate or that he failed to comply with the directive that he step out of his cell." *Id.* at 668. The court noted that "[a] fight among two inmates certainly poses a danger to the inmates involved as well as the jail officials who must intervene to stop it." *Id.* In denying a claim of excessive force for the use of pepper spray, the court noted that "the [plaintiff] cites no evidence showing that the officer who sprayed [the plaintiff's] face with pepper foam appreciated that he was unable, as opposed to unwilling, to comply with the order and employed the pepper spray maliciously rather than in a good faith effort to restore order." *Id.*

The analysis here is simple, particularly when accepting Officer Brandenburg's statement of undisputed facts. It is undisputed that when plaintiff began walking toward Officer Brandenburg, "[a]t that moment, Officer Brandenburg perceived plaintiff to be acting in an aggressive manner and thought plaintiff was about to attack either McLemore or himself." [48-2] at ¶ 11. It is also undisputed that Officer Brandenburg's "takedown" action that resulted in injury to plaintiff was designed not to hurt him, but "to stop plaintiff from attacking either himself or McLemore" and "to help restrain plaintiff until other corrections officers arrived to assist him." *Id.* at ¶ 12. Moreover, the court's review of the attached surveillance video supports the undisputed facts and suggests that Officer Brandenburg was attempting to control the situation that arose after the inmates began fighting.

The facts here show a quickly evolving situation involving a fight between inmates where one corrections officer was forced to make quick decisions in order to contain the

5

situation and stop the fighting.  Although Officer Brandenburg may have been incorrect that plaintiff was moving toward him with hostile intent, and unfortunately his movement to push plaintiff toward the ground resulted in injury after plaintiff hit the bench with his head, there is simply no evidence to convince any reasonable finder of fact "that the defendants applied force maliciously and sadistically to cause harm rather than in a good-faith attempt to maintain or restore discipline." *See Caffey,* 2017 WL 659349, at *4; *Rice*, 675 F.3d at 668.  As such, Officer Brandenburg's motion for summary judgment [48] is granted.

As noted, if plaintiff believes he can proceed on the purported failure to protect claim, he may file an amended complaint within 30 days.  If he does not, the case will be dismissed in its entirety.

DATE: 7/13/2017				ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)